**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DWAYNE WRIGHT, | : | Civil No. 1:24-CV-00016 |
| Petitioner, | : | |
| v. | : | |
| JOHN RIVELLO, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court are a series of motions from Dwayne Wright ("Petitioner") filed following the denial of his Section 2254 petition and closure of the above-captioned case including a motion to hold proceedings in abeyance pending exhaustion of his Sixth and Fourteenth Amendment claims in state court, motion for leave to proceed *in forma pauperis* on appeal, and a motion for relief from judgment. (Docs. 47, 48, 52.) For the reasons set forth below, the court will deny all pending motions and the case will remain closed.

## BACKGROUND AND PROCEDURAL HISTORY

On May 8, 2019 following a bench trial, Petitioner was found guilty of two counts of firearms not to be carried without a license, receiving stolen property, two counts of person not to possess firearms, possession with intent to deliver marijuana and possession with intent to deliver cocaine, possession of drug

paraphernalia, driving an unregistered vehicle, and driving under suspension in the Court of Common Pleas of Lancaster County. (Doc. 17-1, p. 13.)[1]

The facts concerning the state court proceedings are extensive and summarized in the court's September 19, 2025 memorandum and need not be repeated here. (Doc. 38.)

Petitioner initiated this action by filing a petition for writ of habeas corpus, which was received and docketed by the court on January 5, 2024. (Doc. 1.) A response was filed on March 21, 2024, and a traverse was filed on October 1, 2024. (Docs. 17, 31.)

On February 25, 2025, Petitioner filed a motion for an enlargement of time pending appeal. (Doc. 35.)

On September 19, 2025, the court entered a memorandum and order denying the petition, denying the motion for an enlargement of time pending appeal, denying a certificate of appealability and closing the case. (Docs. 38, 39.) The court found that all but one of Petitioner's Sixth Amendment Claims were procedurally defaulted. (Doc. 38, pp. 14–16.)

On October 20, 2025, Petitioner filed a motion to stay proceedings for pending PCRA proceedings in order to exhaust all his claims in state court. (Doc. 42.) On October 24, 2025, Petitioner also filed a motion for an extension of time

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

to file a certificate of appealability. (Doc. 43.) On October 28, 2025, this court entered an order denying the preceding two motions finding that Petitioner was provided notice of the limitations pursuant to 28 U.S.C. § 2244(b)(3)(A) and Petitioner notified the court that he wished to proceed on the petition as it was filed. (Doc. 44.) Likewise, the court explained that a certificate of appealability must be issued by the court. (*Id.*)

On November 18, 2025, the court received and docketed Petitioner's notice of appeal as to the order denying the petition. (Doc. 45.) The Third Circuit Court of Appeals ("COA") opened a case. *Wright v. Superintendent Huntingdon SCI*, No. 25-3285 (3d Cir.). On November 24, 2025, the COA sent Petitioner a letter advising him that his case had been listed for possible dismissal due to a lack of a certificate of appealability. *Wright*, No. 25-328, Doc. 4. On December 15, 2025, the court received and docketed Petitioner's motion to proceed *in forma pauperis* on appeal. (Doc. 48.) On December 19, 2025, Petitioner filed a request for a Certificate of Appealability in this court. (Doc. 50.) The COA ordered that a similar request made to the COA was denied on March 23, 2026. *Wright*, No. 25-328, Doc. 5-2. Petitioner then filed a petition for rehearing with the COA, which was denied on June 25, 2026. *Id.* at Docs. 6, 10.

While his petition for rehearing was pending before the COA, Petitioner filed a motion for relief form judgement pursuant to Fed. R. Civ. P. 60(b) on April 24, 2026. (Doc. 52.)

## DISCUSSION

Currently pending are Petitioner's motion to hold proceedings in abeyance pending exhaustion of his Sixth and Fourteenth Amendment claims in state court, motion for leave to proceed *in forma pauperis* on appeal, and motion for relief from judgment. (Docs. 47, 48, 52.)

### A. Petitioner's Motion to Hold Proceedings in Abeyance Will Be Denied.

Petitioner's motion to hold the proceedings in abeyance is simply a second attempt to stay the proceedings that was previously denied by this court. A review of the docket in Pennsylvania Superior Court shows that Petitioner has an active PCRA petition pending. *Wright v. Commonwealth*, No. 511 MDA 2026 (Pa. Super. Ct.). However, the instant habeas petition has been denied and the case has been closed. Therefore, it would be procedurally inappropriate for the court to now stay the proceedings. The court acknowledges that Petitioner may have attempted to stay the proceedings prior to the court's determination in this action through his vague motion for enlargement. (Doc. 35.) However, the court was unable to ascertain the specifics of Petitioner's request and proceeded with making

a final determination in this case. (Doc. 38.) Regardless, the court cannot hold a closed case in abeyance. Therefore, the court will deny the motion.

### B. Petitioner's Motion to Proceed *In Forma Pauperis* on Appeal Will Be Denied as Moot.

At the time Petitioner filed his notice of appeal, the COA forwarded a copy of their form motion for leave to proceed *in forma pauperis*. *Wright*, No. 25-3285, Doc. 1-1. While a similar motion was pending in this court, Petitioner's appeal was denied based on a lack of a certificate of appealability. *Id*., Doc. 5. The COA did not address the lack of a filing fee in their order of dismissal. *Id*. Therefore, the motion to proceed without payment costs will be denied as moot.

### C. Petitioner's Motion for Fed. R. Civ. P. 60 Relief Will Be Denied.

Petitioner filed a motion for relief from the court's judgment denying his petition on April 24, 2026. (Doc. 52.) This motion is a third attempt to place the current case in abeyance so as to allow Petitioner to exhaust his Sixth and Fourteenth Amendment claims in state court. (*Id*.) This attempt also fails.

A motion filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Pursuant to Rule 60(b)(2), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" "for [ ] newly discovered evidence that, with

reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Pursuant to Rule 60(b)(3)–(5), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" "for fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Finally, pursuant to the catch-all provision of Rule 60(b)(6), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding," "for any other reason that justifies relief." A court may grant a Rule 60(b) motion only in extraordinary circumstances, and in such a motion it is not appropriate to reargue issues that the court has already considered and decided. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535 (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950.). "It is available where the party seeking relief demonstrates that 'extreme' and 'unexpected' hardship will result absent such relief." *Jackson v. Danberg*, 656 F.3d 157, 165–66 (3d Cir. 2011) (citing *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)). The movant bears a heavy burden of proof that extraordinary circumstances are present. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991). A Rule 60(b) motion may not be used as a "second bite at the apple." *See Bhatnagar*

*v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). It "is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Jones v. Shannon*, No. 3:05-CV-2255, 2013 WL 6021956, at *7 (M.D. Pa. Nov. 13, 2013) (citation omitted).

Here, Petitioner's motion for an enlargement of time pending review of his petition was denied because the court was unable to discern the subject of the motion. (Doc. 38, pp. 16–17.) Rule 60(b) does not open the possibility of the court granting a party relief from a judgment because that party's original motion was unclear. Such a ruling would amount to allowing that party to reargue issues the court had already considered and decided. Therefore, Petitioner's motion will be denied.

## CONCLUSION

For the reasons set forth above, the court will deny all three of Petitioner's motions. The case will remain closed.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: August 19, 2026